Dear Mr. Stokes:
I am in receipt of your request for an Attorney General's opinion on behalf of the Jackson Parish School Board. You state the following facts:
 In the latter part of April of 1999, several days after the school shootings at the Columbine High School in Colorado, rumors began circulating around the Jonesboro-Hodge High School that some students had a hit list, were going to kill people on the hit list and were going to blow up the school. In light of the shootings several days previously at Columbine High school the Jonesboro-Hodge High School administration immediately commenced a thorough investigation to determine whether or not such rumors were based on fact.
 The investigation of the Principal and the Assistant Principal revealed that there were five boys who, to various degrees, had told other students that there were hit lists, that certain students and faculty members were on the hit lists and had discussed various means by which students and faculty members could be shot with minimal risk to the shooters.
 Additional investigation turned up the fact that one of the students, in response to a request from another of the students, had prepared a diagram of a pipe bomb. The diagram was in great detail and, according to the information available to (sic) School Board, was an accurate diagram of a functional device. No device was ever found.
 In addition, these five students, to varying degrees, had gone around school looking at their watches and saying "tick, tick, tick." On other occasions those students had repeatedly made the statements "A, B, C, D, boom."
 Based upon the conduct of these students the Principal suspended each of them stating that their conduct had been conduct that disturbed the school and constituted other serious offenses. The Principal also recommended these students to the Superintendent for expulsion.
 Expulsion hearings were held and the students were expelled by the Superintendent. The students appealed their expulsions to the School Board and the School Board agreed to act on each appeal after it received some additional information. However, it did not act upon the students' appeals until after school had ended for the year. The School Board ultimately affirmed the Superintendent's decision.
 From the time the students were expelled they were placed in the Jackson Parish Alternative School.
 The one student who is an adult is being prosecuted in District Court. The other four students are being prosecuted in juvenile court. Those prosecutions, over which the Jackson Parish School Board has no control, will probably not result in any of the four juveniles being incarcerated with the possible exception of one of the juveniles who had a prior juvenile adjudication.
You seek a response to the following questions:
 1. Could these students be suspended for a period of longer than the end of this past school year?
 2. Would your answer to the first question be changed due to the fact that the Jackson Parish School Board had received a waiver from the State and will not have an alternative school next year?
 3. If the students could be expelled for a period of longer than the end of the last school year, for how long could the students be expelled?; and
 4. If the juveniles were convicted of a crime, which, if committed by an adult would be a felony, were given a sentence of a certain number of years but the sentences were suspended and the juveniles were placed on supervised probation, would the Board, by a two-thirds vote, be able to expel the students for an additional period under the provisions of R.S. 17:416(D) or any other provision of law.
The discipline of pupils is located in LSA-R.S. 17:416. In response to your first question, Louisiana law does not specify a maximum time period for suspension. However, LSA-R.S.17:416(A)(3)(b)(I) requires the following:
 Prior to any suspension, the school principal, or his designee, shall advise the pupil in question of the particular misconduct of which he is accused as well as the basis for such accusation, and the pupil shall be given an opportunity at that time to explain his version of the facts to the school principal or his designee. In each case of suspension or expulsion the school principal, or his designee, shall contact by telephone at the telephone number shown on the pupil's registration card or send a certified letter at the address shown on the pupil's registration card to the parent, tutor, or legal guardian of the pupil in question giving notice of the suspension or expulsion, the reasons therefor and establishing a date and time for conference with the principal or his designee as a requirement for readmitting the pupil provided that in the case of expulsion, the contact with the parent or guardian shall include a certified letter. If the parent, tutor, or legal guardian fails to attend the required conference within five school days of mailing the certified letter or other contact with the parent, the truancy laws shall become effective. On not more than one occasion each school year when the parent, tutor, or legal guardian refuses to respond, the principal may determine whether readmitting the pupil is in the best interest of the student. On any subsequent occasions in the same year, the pupil shall not be readmitted unless the parent, tutor, legal guardian, court, or other appointed representative responds. A pupil whose presence in or about school poses a continued danger to any person or property or an ongoing threat of disruption to the academic process shall be immediately removed from the school premises without the benefit of the procedure described hereinabove; however, the necessary procedure shall follow as soon as is practicable.
Moreover, LSA-R.S. 17:416(A)(3)(c) states:
 (c) Any parent, tutor or legal guardian of a pupil suspended shall have the right to appeal to the city or parish superintendent of schools or his designee, who shall conduct a hearing on the merits. The decision of the superintendent of schools on the merits of the case, as well as the term of suspension, shall be final, reserving to the superintendent of schools the right to remit any portion of the time of suspension.
Additionally, LSA-R.S. 17:416(A)(4) states the following:
 By not later than January 1, 1998, each city and parish school board shall adopt such rules and regulations as it deems necessary to implement the provisions of this Subsection. . . .
Therefore, a city and parish school board may have specific provisions concerning the maximum length of a suspension. If not, the length of the suspension would initially be within the discretion of the school principal or his designee and ultimately with the school superintendent.
No, our response to your second question would not change if the Jackson Parish School Board had received a waiver from the State and would not have an alternative school next year. Alternative education programs are provided for in LSA-R.S. 17:416.2 which provides in pertinent part:
 A. Effective July 1, 1995, and thereafter and except as otherwise provided by Subsection B of this Section, any student suspended or expelled from school pursuant to the provisions of R.S. 17:416 shall remain under the supervision of the governing authority of the school system taking such action using alternative education programs for suspended and expelled students approved by the State Board of Elementary and Secondary Education; however, no school system shall be liable for any student attending an alternative education program at a location other than a school site.
 B. (1) Any school system unable to comply with the provisions of Subsection A of this Section for economically justifiable reasons as defined by the State Board of Elementary and secondary education may apply to the board on a school year to school year basis for a waiver from the requirements of these provisions.
 * * *
 G. The provisions of this Section shall not be applicable to any student suspended for up to ten days.
Also, see LSA-R.S. 17:416(A)(2)(c) for additional information concerning alternative school settings.
In response to your third question, the only time periods for expulsion found in the Louisiana Revised Statutes are the minimum time periods for a student that is found guilty of being in possession of a firearm on school property, on a school bus, or in actual possession at a school sponsored event and any student found guilty of possession of, or knowledge of and intentional distribution of or possession with intent to distribute an illegal narcotic, drug, or other controlled substance on school property, on a school bus, or at a school event. See LSA-R.S.17:416(C)(2)(a)(I)-(2)(b)(ii).
The Board may have specific provisions in their rules and regulations concerning the maximum length of an expulsion. If not, the time period for expulsion is to be decided on by the superintendent or his designee as provided for in Section (C)(1) which states:
 Upon the recommendation by a principal for the expulsion of any student as authorized by Subsection B hereof, a hearing shall be conducted by the superintendent or by any other person designated so to do by the superintendent. Upon the conclusion of the hearing, the superintendent, or his designate, shall determine whether such student shall be expelled from the school system or if other corrective or disciplinary action shall be taken. At said hearing the principal and/or teacher concerned may be represented by any person appointed by the superintendent. The concerned teacher shall be permitted to attend such hearing and shall be permitted to present information the teacher believes relevant. Until such hearing takes place the student shall remain suspended from the school. At such hearing the student may be represented by any person of his choice.
In response to your fourth question, LSA-R.S. 17:416(D)(1) provides:
 The conviction of any student of a felony or the incarceration of any student in a juvenile institution for an act which had it been committed by an adult would have constituted a felony may be cause for expulsion of the student for a period of time as determined by the board. The expulsion shall require the vote of two-thirds of the elected members of the school board.
Your question implies that the students-in-question had previously been suspended or expelled for a period of time and subsequently, the students were convicted of a crime but given suspended sentences. The school board would like to know whether this statutory provision allows them to expel the students for an additional period of time. Since a conviction in a criminal matter can sometimes be a lengthy process, it appears that the Legislature intended for a school board to have the option to expel a student for an additional period of time, but only if the juvenile is either convicted of a felony or incarcerated in a juvenile institution for an act which would constitute a felony if committed by an adult.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
a:99-211.op
3 APPROPRIATIONS 62-B LEGISLATURE — Acts Bills Act 1380 of 1999 La. R.S. 47:322.38
Concerns the construction of Act 1380 of the 1999 Regular Legislative Session.